# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
GEORGIANA NICOLETA ROXANA ZORILA (6)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:25-CR-02555-RSH

Benjamin P. Davis
Defendant's Attorney

**USM Number** 25874-512

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s) 1 and 4 of the Indictment

☐ was found guilty on count(s) ______
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
| --- | --- |
| 18:1029(a)(2), (b)(2), 1029(c)(1)(A)(i); 18:982(a)(2)(B), 982(b), 1029(c)(1)(C), 28:2461(c) - Conspiracy to Commit Access Device Fraud | 1 |
| 18:1029(a)(2), (b)(1), 1029(c)(1)(A)(i); 18:2; 18:982(a)(2)(B), 982(b), 1029(c)(1)(C),28:2461(c) Use and Attempted Use of Unauthorized Access Devices; Aiding and Abetting | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☒ Count(s) Remaining counts are dismissed on the motion of the United States.

☒ Assessment : $100.00 as to each count 1 and 4 for a total of $200.00 imposed

–

☐ JVTA Assessment*: $

-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine ☒ Forfeiture pursuant to order filed 8/24/2026 , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

August 28, 2026
Date of Imposition of Sentence

[signature]

HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Time served as to each count 1 and 4 to run concurrently for a total of Time served

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

- ☐ at ____________ A.M. on ____________
- ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ on or before
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

## RESTITUTION

Pay restitution in the amount of at least **$27,460** to California Department of Social Services Cal WORKS EBT Theft Restitution through the Clerk, U. S. District Court. Payment of restitution shall be forthwith. During any period of incarceration, the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

Restitution is to be paid to the following victim:

California Department of Social Services
Cal WORKS EBT Theft Restitution
Attn: Cashiering
744 P Street
Sacramento, CA 95814

The defendant shall be jointly and severally liable to pay restitution with co-defendants/co-conspirators as listed in their plea agreements. Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GEORGIANA NICOLETA ROXANA ZORILA (6),<br>Defendant. | Case No. 25-CR-2555-RSH<br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment, the United States sought forfeiture of all right, title, and interest in all properties of Defendant GEORGIANA NICOLETA ROXANA ZORILA ("Defendant"), pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b) and 1029(c)(1)(C) and Title 28, United States Code, Section 2461(c) as any property constituting and derived from proceeds the conspiracy obtained directly and indirectly from the offenses, and any personal properties used and intended to be used in commission of the offenses set forth in Counts 1 through 7 of the Indictment in violation of Title 18, United States Code, Sections 1029(a)(2), (b)(2), (b)(1), (c)(1)(A), (c)(1)(A)(i), and Section 2; and

WHEREAS, on or about June 11, 2026, Defendant pled guilty before Magistrate Judge Allison H. Goddard to the offenses set forth in Counts 1 and 4 of the Indictment, charging the defendant with Conspiracy to Commit Access Device Fraud in violation of

Title 18, United States Code, Sections, 1029(a)(2), (b)(2) and 1029(c)(1)(A) as set forth in Count 1 of the Indictment and Use and Attempted Use of an Unauthorized Access Device, in violation of Title 18, United States Code, Sections 1029(a)(2), (b)(1), and (C)(1)(A)(i) as set forth in Count 4 of the Indictment, consented to the forfeiture allegations of the Indictment, and agreed to forfeit all properties seized in connection with this case pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b) and 1029(c)(1)(C) and Title 28, United States Code, Section 2461(c) including but not limited to the following:

a. Deep Insert Skimmers (inventoried as 1B56, 1B55, 1B51, 1B48, 1B46, 1B44, 1B43, 1B42, 1B40, 1B34, 1B27, and 1B26);
b. Overlay Skimmers (inventoried as 1B57, 1B50, and 1B40);
c. Pinhole Cameras (inventoried as 1B51, 1B49, 1B41, 1B39, and IB28);
d. Micro SD Cards (inventoried as 1B51, 1B49, 1B44, 1B43, 1B41, IB39, and 1B28); and

WHEREAS, on July 15, 2026, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the Court finds that the United States has established the requisite nexus between the properties and the offenses; and,

WHEREAS, by virtue of said guilty pleas, the Court finds the United States is now entitled to possession of the above-referenced properties, pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b) and 1029(c)(1)(C) and Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through her attorney of record, to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty pleas of the Defendant to Counts 1 and 4 of the Indictment, the United States is hereby authorized to take custody and control of the following properties, and all right, title and interest of Defendant GEORGIANA NICOLETA ROXANA ZORILA in the properties are hereby forfeited to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b) and 1029(c)(1)(C) and Title 28, United States Code, Section 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

a. Deep Insert Skimmers (inventoried as 1B56, 1B55, 1B51, 1B48, 1B46, 1B44, 1B43, 1B42, 1B40, 1B34, 1B27, and 1B26);

b. Overlay Skimmers (inventoried as 1B57, 1B50, and 1B40);

c. Pinhole Cameras (inventoried as 1B51, 1B49, 1B41, 1B39, and IB28); and

d. Micro SD Cards (inventoried as 1B51, 1B49, 1B44, 1B43, 1B41, IB39, and 1B28).

2. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation ("FBI") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the

United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: 8/24/26

Robert S. Huie

Honorable Robert S. Huie
United States District Judge